UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARY S. HIIBEL and THEODORE J. HIIBEL,

      Plaintiffs,

v.

ARLAN G. HINER of the BUREAU OF LAND MANAGEMENT,

      Defendant.

3:10-cv-0029-LRH-RAM

ORDER

      Before the court is defendant Arlan G. Hiner's ("Hiner") motion to dismiss filed on June 1, 2010, (Doc. #10[1]) and defendant Mike Truden's ("Truden") amended motion to dismiss filed on June 4, 2010. Doc. #12. Plaintiffs Mary S. Hiibel and Theodore J. Hiibel ("the Hiibels") filed an opposition (Doc. #16) to which Truden replied (Doc. #19).

**I.    Facts and Procedural History**

      On January 21, 2008, fifty-one (51) head of cattle owned and branded by the Hiibels were impounded by the Winnemucca Field Office of the Bureau of Land Management for alleged trespassing. Defendant Hiner was the Assistant Field Manager for that office at the time the

---

[1] Refers to the court's docketing number.

trespass citation was issued.[2] Defendant Truden is the current Assistant Field Manager, and was in this position at the time the complaint was filed.

On January 15, 2010, the Hiibels filed a complaint in federal court alleging a violation of their procedural due process rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. #3. The Hiibels brought their complaint against Truden in his official capacity as the Assistant Field Manager for the Winnemucca field office.

**II.     Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

---

[2] Defendant Hiner was dismissed as a defendant on May 28, 2010, and defendant Truden was inserted as the defendant to accept service of process. Doc. #9. Accordingly, Hiner's motion to dismiss shall be denied as moot as he has already been terminated as a part to this action.

**III.    Discussion**

Under *Bivens*, the Supreme Court created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities. *See Bivens*, 403 U.S. 388. In a *Bivens* action, a plaintiff seeks to import personal liability upon a federal official based on alleged constitutional infringements he or she committed against the plaintiff. *See, e.g., Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003).

However, "a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). "This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Consejo De Desarrollo Economico De Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (citing *Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir. 2000).

Here, the Hiibels have brought a *Bivens* action against Truden in his official capacity as the Assistant Field Manager for the BLM field office that impounded the Hiibel's cattle. Doc. #3. The Hiibels do not claim damages based on any past unconstitutional acts of Truden acting in his individual capacity. Therefore, the court lacks subject matter jurisdiction over this action because the United States has not consented to its officials being sued in their official capacities. *See McCarthy v. United States*, 85 F.2d 558, 560 (9th Cir. 1988).

\\\
\\\
\\\
\\\
\\\
\\\
\\\

3

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #10) is DENIED as moot.

IT IS FURTHER ORDERED that defendant's amended motion to dismiss (Doc. #12) is GRANTED. Plaintiffs' complaint is DISMISSED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 20th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE